Submitted on record and briefs August 13, reversed and remanded October 6, 1993

## Pamela K. JONES,
*Respondent,*

*v.*

## Janice K. JONES,
Administrator of the Estate of
Jane S. Jones, Deceased,
*Appellant.*

(9112-07996; CA A75755)

860 P2d 303

Randall L. Duncan and Hagen, Dye, Vial & Hirschy, P.C., Portland, filed the briefs for appellant.

G. Kenneth Shiroishi, Bradley O. Baker and Dunn, Carney, Allen, Higgins & Tongue, Portland, filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals from a summary judgment entered against her in this quiet title action. We reverse.

Defendant[1] is the former wife of Terry Jones (Jones). Plaintiff is Jones' current wife. Plaintiff alleges that, in 1987, she acquired "all of [Jones'] right, title and interest" in real property that he owned in Lake Oswego. In December, 1988, defendant registered a judgment that she had obtained against Jones for spousal support arrearages relating to the dissolution of their marriage. Plaintiff now seeks to remove the cloud on the title created by defendant's judgment lien.

Plaintiff moved for summary judgment, arguing that, because of the transfer of ownership of the property to her in 1987, as a matter of law, Jones had no interest in the real property to which the lien could attach when it was filed in 1988. She asserted that the validity of that transfer was decided in a bankruptcy case involving Jones,[2] and therefore defendant is precluded from relitigating that issue in this action. Defendant argued that the bankruptcy court did not determine the same issue involved in this case, which is the priority of interests as between plaintiff and defendant. The trial court agreed with plaintiff and granted summary judgment.

Defendant's main argument is that issue preclusion does not bar her from asserting the validity of her lien, because the bankruptcy court did not decide that issue. We agree. The memorandum issued by the bankruptcy court does not explicitly decide whether Jones transferred his property interest to plaintiff in 1987 and, thus, whether Jones had any interest in the property to which defendant's judgment lien could attach. It appears that the bankruptcy court did not need to decide whether a transfer had been made, but that it merely decided whether Jones was entitled to the relief he sought, assuming that the transfer had been made. Because plaintiff has not shown that the issue here was decided in the

---

[1] After plaintiff filed this action, defendant died. Her personal representative has been substituted as defendant.

[2] Jones filed for bankruptcy in 1990. He filed a motion to avoid defendant's lien on the property under 11 USC § 522(f), which the bankruptcy court denied.

earlier bankruptcy proceeding, defendant is not precluded from litigating it in this case.

Plaintiff does not argue that she is entitled to summary judgment on any basis other than issue preclusion. The trial court erred in granting summary judgment.

Reversed and remanded.